IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
**ENTERED**
April 20, 2018
David J. Bradley, Clerk

| | |
|---|---|
| BOUNTHAVY THONGSONLONE, § § Plaintiff, § § v. § § OFFICE OF THE ATTORNEY § GENERAL FOR THE STATE OF § TEXAS, § § Defendant. § | CIVIL ACTION NO. 4:18-cv-0476 |

## MEMORANDUM AND ORDER

Before the Court in this compensation denial case is Defendant Office of the Attorney General of Texas's Motion to Dismiss Plaintiff Bounthavy Thongsonlone's Amended Complaint (the "Motion") [Doc. # 9].  Plaintiff, who is proceeding in this case *pro se* and who has been granted leave to proceed *in forma pauperis*, filed a response, to which Defendant replied.  *See* Plaintiff's Response [Doc. # 9]; Defendant's Reply in Support of the Motion [Doc. # 12].  The Motion is now ripe for decision.  Having considered the Motion, the parties' briefing, applicable legal authorities, and all appropriate matters of record, the Court concludes that the Motion should be **granted**.

Bounthavy Thongsonlone filed this case on February 15, 2018, alleging "possibl[e] racism."  Complaint [Doc. # 1].  On February 27, 2018, the Court issued

a Memorandum and Order (the "Order") [Doc. # 4] in which the Court concluded that Plaintiff's Complaint, on its face, failed to allege adequately that the Court has subject matter jurisdiction over his unexplained racism claims. By the Order, the Court instructed Plaintiff to amend his Complaint on or before March 26, 2018 so that it "complies with the requirements of Rule 8(a) [of the Federal Rules of Civil Procedure] as set forth in this opinion." *Id*. at 4.

On March 19, Plaintiff filed his Amended Complaint. Plaintiff's handwritten, single-page Amended Complaint states in its entirety "The office of the Attorney General keeps Denied my Crime Victims Compensation, they made it like it was my fault, that I was the victim. I can't think of any possibly reason, but to think a possibly racism. So I would like to sue. I was harassed, theat, and later mugged of my groceries." Amended Complaint [Doc. # 7] (errors in original). Broadly construing Plaintiff's Amended Complaint, Plaintiff alleges that he was the victim of threats, harassment, and a mugging, and that Defendant improperly denied him compensation under the Texas Crime Victim's Compensation Act (the "Act").

In the Motion, Defendant moves to dismiss Plaintiff's Amended Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(1), which authorizes a federal court to dismiss a claim for lack of subject matter jurisdiction.[1] "'A case is properly

---

[1] Defendant also has moved to dismiss the Amended Complaint under Rule 12(b)(6)
(continued...)

dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Smith v. Reg' Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)). When there is a challenge to the court's subject matter jurisdiction, the party asserting jurisdiction bears the burden of establishing jurisdiction exists. *Alabama–Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 487 (5th Cir. 2014); *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014). As an agent of the state of Texas, Defendant is entitled to Eleventh Amendment immunity absent waiver or abrogation. *See Johnson v. Prairie View A & M Univ.*, 587 F. App'x. 213, 214 (5th Cir. 2014) (per curiam) (and cases cited therein); *Lowery v. Univ. of Hous.-Clear Lake*, 82 F. Supp. 2d 689, 693 (S.D. Tex.2000).

Pursuant to Chapter 56 of the Texas Code of Criminal Procedure, the Texas Legislature has created a limited waiver of immunity with respect to the Act by permitting lawsuits in certain *Texas state courts* to challenge benefit denials. TEX. CODE CRIM. PROC. ART. 56.48(a). This limited waiver does not extend to suits in federal court. "Texas' waiver of sovereign immunity in its own courts, however, is

---

[1] (...continued)
of the Federal Rules of Civil Procedure. Because the Court concludes it lacks subject matter jurisdiction over Plaintiff's claims, it does not reach Defendant's Rule 12(b)(6) arguments.

not a waiver of its Eleventh Amendment immunity in federal courts." *Hernandez v. Texas Dep't of Human Servs.*, 91 F. App'x 934, 935 (5th Cir. 2004) (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985)).

"It has long been settled that a state's waiver of its Eleventh Amendment immunity must be unequivocally expressed." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 332 (5th Cir. 2002). Plaintiff cites no provision, and the Court is aware of none, that constitutes "a clear and unequivocal waiver of immunity with respect" to the Act such that a claim may be pursued in federal court. *Id*. Accordingly, Plaintiff's claims against Defendant in this case for improper denial of compensation under the Act are barred by sovereign immunity, which deprives the Court of subject matter jurisdiction over this dispute.[2]

---

[2] Even if the State of Texas permitted Plaintiff's claims against it to be asserted in federal court, which it does not, Plaintiff's lawsuit still must be dismissed because he does not allege that he has complied with the Act's prerequisites for filing suit. "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE § 311.034. Article 56.48(a) of the Texas Code of Criminal Procedure requires a plaintiff to provide Defendant with a notice of dissatisfaction within 40 days of Defendant's final decision regarding compensation before he may bring suit in Texas state court challenging the decision. TEX. CODE CRIM. PROC. ART. 56.48(a). Plaintiff has not alleged that he has complied with the statutory prerequisites for filing suit under the Act, and, thus, he has not properly alleged that *any* court, state or federal, has jurisdiction to hear his claims. For additional information on the procedure to challenge Defendant's denial of compensation under the Act, Plaintiff is directed to: https://www.texasattorneygeneral.gov/cvs/crime-victims-compensation-administrative-appeals-process.

In addition, the Court, which has limited jurisdiction,[3] separately lacks jurisdiction over Plaintiff's claims because they fail to invoke either the Court's "federal question"[4] or "diversity"[5] jurisdiction. Plaintiff, a Texas resident, is asserting claims under the Act, a state law, against an instrumentality of the State of Texas. On their face, Plaintiff's claims fall outside the scope of that Court's limited jurisdiction. Consequently, Plaintiff's claims in this lawsuit must be dismissed, even in the absence of Defendant's viable sovereign immunity defense.

Therefore, it is

**ORDERED** that Defendant's Motion [Doc. # 9] is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**. The Court will issue a separate final judgment.

---

[3] *See Rasul v. Bush*, 542 U.S. 466, 489 (2004) ("Federal courts are courts of limited jurisdiction.").

[4] To invoke a court's federal question jurisdiction, a plaintiff's complaint must establish on its face that the case arises under federal law. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001).

[5] Diversity jurisdiction requires complete diversity among the parties and an amount in controversy that exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

SIGNED at Houston, Texas, this **20th** day of **April, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE